**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| SHARROD O. WILLIS,  | :: | PRISONER CIVIL RIGHTS |
|    Plaintiff, | :: | 42 U.S.C. § 1983 |
| | :: | |
| v. | :: | |
| | :: | |
| OFFICER T. WILLIAMS, | :: | CIVIL ACTION NO. |
| CORPORAL CAMERON, and | :: | 1:16-CV-3986-TWT-RGV |
| OFFICER TURNER, | :: | |
|    Defendants. | :: | |

**ORDER AND REPORT AND RECOMMENDATION**

Plaintiff Sharrod O. Willis, presently confined in the DeKalb County Jail in Decatur, Georgia, has filed this pro se civil rights action. [Doc. 1]. The matter is now before the undersigned Magistrate Judge for consideration of plaintiff's request to proceed in forma pauperis, [Doc. 2], and for a 28 U.S.C. § 1915A frivolity screening. For the reasons that follow, plaintiff's request to proceed in forma pauperis, [Doc. 2], is **GRANTED**, and the undersigned **RECOMMENDS** that plaintiff's excessive force and medical deliberate indifference claims against Officer T. Williams, as well as his failure to intervene claim against Officer Turner, be allowed to proceed, but that all of his remaining claims be **DISMISSED** for failure to state a claim, and that Corporal Cameron be **DISMISSED** as a defendant in this action.

## I. REQUEST TO PROCEED IN FORMA PAUPERIS

A review of plaintiff's financial affidavit, [Doc. 2], reflects that he has filed an authorization allowing his custodian to withdraw funds from his inmate account and that he has insufficient funds in his inmate account to pay an initial partial filing fee. Accordingly, plaintiff's request to proceed in forma pauperis, [Doc. 2], is **GRANTED**, and plaintiff need not pay an initial partial filing fee.  Plaintiff shall, however, be obligated to pay the full statutory filing fee of $350.00 as funds are deposited in his inmate account pursuant to the provisions of 28 U.S.C. § 1915(b)(2). Specifically, the balance of said filing fee shall be paid by, or on behalf of the plaintiff, in monthly or other incremental payments in the amount of 20% of the preceding month's income credited to plaintiff's inmate account in each month in which plaintiff's account balance exceeds $10.00.   Pursuant to 28 U.S.C. § 1915(b)(2), the institution administering plaintiff's inmate account shall withdraw such amounts from the account and remit the same to the Clerk, U.S. District Court, until the filing fee is paid in full, as verified by separate notice from the Clerk to the warden of the institution.

AO 72A
(Rev.8/82)

## II. FRIVOLITY SCREENING

### A. Legal Standards

Plaintiff brings this civil rights action against the defendants under 42 U.S.C. § 1983 ("§ 1983"). Federal courts are required to screen "as soon as practicable" a prisoner complaint "which seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Section 1915A(b) requires a federal court to dismiss a prisoner complaint that either: (1) is "frivolous, malicious, or fails to state a claim upon which relief may be granted"; or (2) "seeks monetary relief from a defendant who is immune from such relief."

To state a claim for relief under § 1983, a plaintiff must allege that an act or omission committed by a person acting under color of state law deprived him of a right, privilege, or immunity secured by the Constitution or laws of the United States. Hale v. Tallapoosa Cty., 50 F.3d 1579, 1582 (11th Cir. 1995). If a litigant cannot satisfy those requirements, or fails to provide supporting factual allegations, then the complaint is subject to dismissal for failure to state a claim. See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (noting that "[f]actual allegations must be enough to raise a right to relief above the speculative level," and that a complaint "must contain something more . . . than . . . a statement of facts that merely creates a

3

AO 72A
(Rev.8/82)

suspicion [of] a legally cognizable right of action" (citations omitted)); see also Ashcroft v. Iqbal, 556 U.S. 662, 681-84 (2009) (holding that Twombly "expounded the pleading standard for 'all civil actions,'" to wit, conclusory allegations that "amount to nothing more than a 'formulaic recitation of the elements' of a constitutional . . . claim" are "not entitled to be assumed true," and, to escape dismissal, complaint must allege facts sufficient to move claims "'across the line from conceivable to plausible'" (citations omitted)); Papasan v. Allain, 478 U.S. 265, 286 (1986) (accepting as true only plaintiff's factual contentions, but not his or her legal conclusions couched as factual allegations); Beck v. Interstate Brands Corp., 953 F.2d 1275, 1276 (11th Cir. 1992) (per curiam) (court is "not permitted to read into the complaint facts that are not there").

### B. Discussion

Plaintiff brings this action against Correctional Officers T. Williams and Turner and Corporal Cameron. [Doc. 1 ¶ III.B]. Plaintiff alleges, in pertinent part, that, on August 29, 2016, Officer Williams assaulted and "sprayed [plaintiff] for asking him a question about a medical issue [plaintiff] had." [Id. ¶ 4]. According to plaintiff, Officer Williams continually slammed plaintiff's arm in his cell flap and then asked Officer Turner to open plaintiff's cell door; Officer Turner did so and watched from

the tower as Officer Williams continued to assault plaintiff. [Id.]. Plaintiff contends that he asked Officer Williams to take him to medical, and the officer responded, "no ya gone [sic] burn bitch." [Id.]. Plaintiff further states that Corporal Cameron arrived forty-five minutes later and instructed Officer Williams to take plaintiff to medical, but the officer refused to do so. [Id.]. Plaintiff maintains that Corporal Cameron then took plaintiff to medical and that, as a result of this attack, plaintiff suffered a fractured wrist and is partially blind in one eye. [Id.]. Lastly, plaintiff asserts that Officer Williams continues to threaten plaintiff. [Id.]. Plaintiff seeks monetary relief. [Id. ¶ V].

In order to state an excessive force claim, "a pretrial detainee must show only that the force purposely or knowingly used against him was objectively unreasonable." Kingsley v. Hendrickson, 135 S. Ct. 2466, 2473 (2015).

> Considerations such as the following may bear on the reasonableness or unreasonableness of the force used: the relationship between the need for the use of force and the amount of force used; the extent of the plaintiff's injury; any effort made by the officer to temper or to limit the amount of force; the severity of the security problem at issue; the threat reasonably perceived by the officer; and whether the plaintiff was actively resisting.

Id.  Plaintiff's allegation, which must be accepted as true at this stage of the proceedings, that Officer Williams assaulted him for asking a question and that, as a

5

result, plaintiff suffered a fractured wrist and partial blindness in one eye plausibly states an excessive force claim and survives frivolity review. See Skrtich v. Thornton, 280 F.3d 1295, 1304 (11th Cir. 2002) ("[A] prisoner cannot be subjected to gratuitous or disproportionate force that has no object but to inflict pain." (citation omitted)). Plaintiff also sufficiently states a plausible claim to withstand frivolity review against Officer Turner for allegedly opening plaintiff's cell door for Officer Williams, who had just repeatedly slammed plaintiff's arm in his cell flap. See Terry v. Bailey, 376 F. App'x 894, 896 (11th Cir. 2010) (per curiam) ("[C]orrectional officers may be held directly liable under § 1983 if they fail or refuse to intervene when a constitutional violation occurs in their presence.") (citation omitted).

Additionally, plaintiff's allegation that Officer Williams refused plaintiff's request for medical attention for the injuries to his eye and wrist and stated that plaintiff would "burn" plausibly states a medical deliberate indifference claim and survives frivolity review. See Craig v. Floyd Cnty., Ga., 643 F.3d 1306, 1310 (11th Cir. 2011) ("To prevail on a deliberate indifference to serious medical need claim, [the plaintiff] must show: (1) a serious medical need; (2) the defendants' deliberate indifference to that need; and (3) causation between that indifference and the plaintiff's injury.") (citation omitted).

6

Plaintiff, however, fails to state a claim against Corporal Cameron because plaintiff has not alleged that the corporal acted, or failed to act, in a manner that violated plaintiff's constitutional rights. See See Douglas v. Yates, 535 F.3d 1316, 1322 (11th Cir. 2008) ("[A] complaint will be held defective . . . if [it] fails to connect the defendant with the alleged wrong.") (citation omitted).

Finally, as to Officer Williams' alleged threatening remarks to plaintiff, "verbal abuse alone is insufficient to state a constitutional claim," Hernandez v. Fla. Dep't of Corr., 281 F. App'x 862, 866 (11th Cir. 2008) (per curiam), and "mere threatening language and gestures of a [state actor] do not, even if true, amount to constitutional violations." McFadden v. Lucas, 713 F.2d 143, 146 (5th Cir. 1983) (citation omitted).

### III. CONCLUSION

For the foregoing reasons, plaintiff's request to proceed in forma pauperis, [Doc. 2], is **GRANTED**, and **IT IS RECOMMENDED** that plaintiff's excessive force and medical deliberate indifference claims against Officer T. Williams, as well as his failure to intervene claim against Officer Turner, be allowed to proceed, but that all of his remaining claims be **DISMISSED** for failure to state a claim, and that Corporal Cameron be **DISMISSED** as a defendant in this action.

If this Report and Recommendation is adopted, **IT IS FURTHER RECOMMENDED** that this action be returned to the undersigned for further proceedings, including the issuance of an Order regarding service of process.

**SO ORDERED AND RECOMMENDED**, this 2nd day of NOVEMBER, 2016.

*Russell G. Vineyard*
RUSSELL G. VINEYARD
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)