**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| SHARROD O. WILLIS, | :: | PRISONER CIVIL RIGHTS |
|    Plaintiff, | :: | 42 U.S.C. § 1983 |
| | :: | |
| v. | :: | |
| | :: | |
| OFFICER T. WILLIAMS, and | :: | CIVIL ACTION NO. |
| OFFICER TURNER, | :: | 1:16-CV-3986-TWT-RGV |
|    Defendants. | :: | |

**FINAL REPORT AND RECOMMENDATION**

The Court has allowed plaintiff Sharrod O. Willis's excessive force and medical deliberate indifference claims against Officer T. Williams, as well his failure to intervene claim against Officer Turner, to proceed as any other civil action. [Docs. 3; 5]. Specifically, plaintiff alleges that, on August 29, 2016, Officer Williams assaulted plaintiff for asking a question, that Officer Turner opened plaintiff's cell door for Officer Williams and watched the assault, and that Officer Williams refused plaintiff's request for medical attention. [Doc. 1 ¶ IV]. This matter is now before the Court on defendants' motion to dismiss. [Doc. 11]. Because plaintiff has not responded to the motion to dismiss, it is deemed unopposed. See LR 7.1B, NDGa. For the reasons that follow, it is **RECOMMENDED** that defendants' motion to

AO 72A
(Rev.8/82)

dismiss, [Doc. 11], be **GRANTED** and that this action be **DISMISSED WITHOUT PREJUDICE** for lack of exhaustion.

## I. DISCUSSION

Under the Prison Litigation Reform Act of 1996 ("PLRA"), "[n]o action shall be brought with respect to prison conditions under section 1983 of this title . . . by a prisoner confined in any jail . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Proper exhaustion requires "that a prisoner must complete the administrative review process in accordance with the applicable procedural rules, including deadlines, as a precondition to bringing suit in federal court." Woodford v. Ngo, 548 U.S. 81, 88, 93 (2006). The purpose of this requirement is "to afford corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case." Id. at 93 (alteration and citation omitted). As such, a prisoner must "provide as much relevant information as he reasonably can in the administrative grievance process." Brown v. Sikes, 212 F.3d 1205, 1207 (11th Cir. 2000).

The PLRA's exhaustion requirement is mandatory, "regardless of the relief offered through administrative procedures," Booth v. Churner, 532 U.S. 731, 741 (2001), and courts do not have discretion to waive it, Bryant v. Rich, 530 F.3d 1368,

2

1372-73 (11th Cir. 2008). "[T]he modifier 'available' in the PLRA means that inmates must exhaust administrative remedies so long as there is the possibility of at least some kind of relief." Johnson v. Meadows, 418 F.3d 1152, 1156 (11th Cir. 2005) (quoting Ross v. Cnty. of Bernalillo, 365 F.3d 1181, 1187 (10th Cir. 2004)). Although this requirement is not jurisdictional, it is a "matter in abatement" and, thus, "should be raised in a motion to dismiss." Bryant, 530 F.3d at 1374-75.

The Eleventh Circuit has applied the following two-step process in deciding a motion to dismiss for lack of exhaustion:

> First, the court looks to the factual allegations in the defendant's motion to dismiss and those in the plaintiff's response, and if they conflict, takes the plaintiff's version of the facts as true. If, in that light, the defendant is entitled to have the complaint dismissed for failure to exhaust administrative remedies, it must be dismissed. This process is analogous to judgment on the pleadings under Federal Rule of Civil Procedure 12(c).
>
> If the complaint is not subject to dismissal at the first step, where the plaintiff's allegations are assumed to be true, the court then proceeds to make specific findings in order to resolve the disputed factual issues related to exhaustion. The defendants bear the burden of proving that the plaintiff has failed to exhaust his available administrative remedies. Once the court makes findings on the disputed issues of fact, it then decides whether under those findings the prisoner has exhausted his available administrative remedies.

AO 72A
(Rev.8/82)

Turner v. Burnside, 541 F.3d 1077, 1082-83 (11th Cir. 2008) (citations omitted). "A district court may properly consider facts outside of the pleadings to resolve a factual dispute regarding exhaustion where the factual dispute does not decide the merits and the parties have a sufficient opportunity to develop the record." Singleton v. Dep't of Corr., 323 F. App'x 783, 785 (11th Cir. 2009) (per curiam) (citing Bryant, 530 F.3d at 1376).

Defendants have submitted evidence to show that the DeKalb County Sheriff's Office makes a grievance procedure available to inmates and that plaintiff was aware of this grievance process because he filed six grievances between April 19, 2016, and January 17, 2017, but that there is no record showing that plaintiff filed a grievance against defendants concerning the August 29, 2016, incident alleged in the complaint. [Doc. 11-2 ¶¶ 3, 5-8]. While plaintiff states in his complaint that he wrote a grievance regarding the facts of his complaint and was told that the "officer was in the right for spraying [him]," [Doc. 1 ¶ II.D], he has submitted no evidence to support this allegation or to rebut the evidence submitted by defendants. The Court therefore finds, based on the record before it, that defendants have demonstrated that plaintiff did not exhaust his available administrative remedies, and thus, this action is due to be dismissed for failure to comply with the PLRA. See 42 U.S.C. § 1997e(a); Gary

4

v. Owens, No. 5:10-CV-61 (MTT), 2011 WL 842614, at *2 (M.D. Ga. Feb. 10, 2011) (recommending that defendants' motion to dismiss be granted where defendants submitted evidence showing that plaintiff had failed to exhaust his administrative remedies prior to filing suit and the evidence submitted by plaintiff did not show otherwise), report and recommendation adopted, 2011 WL 842785, at *1 (M.D. Ga. Mar. 9, 2011); Lyons v. Trinity Serv. Grp., Inc., 401 F. Supp.2d 1290, 1297-98 (S.D. Fla. 2005) (dismissing prisoner's complaint for lack of exhaustion where defendants submitted evidence showing that, although plaintiff had filed fifty-five grievances, there was no record of the particular grievance plaintiff claimed to have filed, and "[a]side from his own conclusory statements, [p]laintiff . . . produced no evidence whatsoever to support his claim that he ha[d] exhausted administrative remedies").

## II. CONCLUSION

For the foregoing reasons, **IT IS RECOMMENDED** that defendants' unopposed motion to dismiss, [Doc. 11], be **GRANTED** and that this action be **DISMISSED WITHOUT PREJUDICE** for lack of exhaustion.

The Clerk is **DIRECTED** to terminate the referral to the Magistrate Judge.

**SO RECOMMENDED**, this 12th day of APRIL, 2017.

*Russell G. Vineyard*
RUSSELL G. VINEYARD
UNITED STATES MAGISTRATE JUDGE